IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIE WASHINGTON,

    Plaintiff,

v.                                                                                     CASE NO. 1:09-cv-00198-MP-AK

CITY OF GAINESVILLE,
GAINESVILLE POLICE DEPARTMENT,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 3, Motion to Dismiss Amended Complaint by Gainesville Police Department, and Doc. 2, Motion to Dismiss Count II of the Amended Complaint,, filed by the City of Gainesville. The Plaintiff filed a notice of non-opposition to both motions. Doc. 7.

The plaintiff is a police captain who believes he was wrongfully terminated by the Gainesville Police Department based on his disability and his race. He filed a three count complaint and then amended it contain five counts. Thereafter, the Defendants removed the case to federal court. The Amended Complaint alleges racial discrimination under Florida law in Count I; racial discrimination under 42 U.S.C. § 1981 in Count II; "handicap discrimination" under Florida law in Count III; race discrimination under Title VII in Count IV; and discrimination under the Americans with Disabilities Act in Count V.

In the case style, he identified the Defendants as follows: "CITY OF GAINESVILLE and GAINESVILLE POLICE DEPARTMENT, Defendants." Despite naming two defendants and using the plural form to describe them in the case header, Plaintiff does not consistently

designate them in all five counts.  In each Count, Plaintiff makes allegations against "the Defendant" (without specifying which one) and then demands judgment against "the Defendant" in each count, although in three places in each of Counts III and V, he refers to the Defendants plurally but in two other places in each count refers to merely a singular "Defendant" without stating which one.

The defendants filed two motions to dismiss.  In the one at Doc. 3, the City moved to dismiss Count II of the Amended Complaint, arguing that 42 U.S.C. § 1981 itself does not provide a private right of action.   Instead, a plaintiff must sue under § 1983 for the alleged violation of § 1981.  In the other motion to dismiss, the City points out that the Gainesville Police Department is merely an agency of the city, and so any suit based on the department's conduct should be brought against the City itself.  After reading the City's motions to dismiss, the Plaintiff filed a notice of non-opposition to both the dismissal of the direct § 1981 claim against the city and to dropping the Gainesville Police Department as a separately named defendant.   The Court also agrees that the two motions to dismiss should be granted.  In order to keep the docket of this case clear, the Plaintiff shall be required to file a second amended complaint. It is hereby

**ORDERED AND ADJUDGED:**

The motions to dismiss, Doc. 2 and Doc. 3 are granted. The Plaintiff shall file, by Saturday, November 21, 2009, a second amended complaint which sets out the proper defendant, uses the proper plurality of the defendant within the body of the allegations, and which contains only the four remaining counts.

**DONE AND ORDERED** this  *3rd*   day of November, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge